# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **REBECCA RAMSEY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action Number:** |
| **vs.** | : | |
| | : | **Jury Trial Demanded** |
| | : | |
| **WALLACE ELECTRIC COMPANY,** | : | |
| **LLC, and PHILLIP WALLACE, SR.,** | : | |
| | : | |
| **Defendants.** | : | |

## COMPLAINT

Plaintiff Rebecca Ramsey ("Ramsey"), by and through undersigned counsel and pursuant to Fed. R .Civ. P. 7, brings this Complaint against Defendants Wallace Electric Company, LLC ("Wallace Electric") and Phillip Wallace, Sr. and ("Wallace") and shows the Court as follows:

## INTRODUCTION

### 1.

Ramsey brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.), (hereinafter "the FLSA") to recover due but unpaid overtime compensation, an additional like amount as liquidated damages, and to be reimbursed her costs of litigation, including her reasonable attorneys' fees.

- 1 -

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia, Atlanta Division, under 28 U.S.C. § 1391 because Wallace Electric is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Ramsey resides in Henry County, Georgia.

5.

Wallace Electric employed Ramsey as a data processing clerk in and around McDonough, Georgia from June 16, 2010 until the present date.

6.

At all times material hereto, Ramsey has been an "employee" of Wallace Electric as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

From on or about November 18, 2010 until the present date, Ramsey has been "engaged in commerce" as an employee of Wallace Electric as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

8.

Wallace Electric is a limited liability company organized under the laws of the State of Georgia.

9.

At all times material hereto, Wallace Electric has been an "employer" of Ramsey as defined in FLSA § 3(d), 29 U.S.C. §203(d).

10.

From on or about November 18, 2010 until the present date, Wallace Electric has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

11.

During 2010, Defendant Wallace Electric had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

12.

During 2011, Defendant Wallace Electric had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

13.

During 2012, Defendant Wallace Electric had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

14.

During 2013, Defendant Wallace Electric had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

15.

During 2010, Defendant Wallace Electric had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

16.

During 2011, Defendant Wallace Electric had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

17.

During 2012, Defendant Wallace Electric had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

18.

During 2013, Defendant Wallace Electric had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

19.

During 2010, Defendant Wallace Electric had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

20.

During 2011, Defendant Wallace Electric had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

21.

During 2012, Defendant Wallace Electric had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

22.

During 2013, Defendant Wallace Electric had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

23.

During 2010, Wallace Electric  had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

24.

During 2011, Wallace Electric  had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

25.

During 2012, Wallace Electric  had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

26.

During 2013, Wallace Electric  had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

27.

At all times material hereto, Wallace Electric has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

28.

Wallace Electric is subject to the personal jurisdiction of this Court.

29.

Wallace resides within Henry County Georgia.

30.

At all times material hereto, Wallace exercised operational control over the work activities of Ramsey.

31.

At all times material hereto, Wallace was involved in the day to day operation of the Wallace Electric in which Ramsey worked.

32.

At all times material hereto, Wallace Electric vested Wallace with supervisory authority over Ramsey.

33.

At all times material hereto, Wallace exercised supervisory authority over Ramsey.

34.

At all times material hereto, Wallace scheduled Ramsey's working hours or supervised the scheduling of Plaintiff's working hours.

35.

At all times material hereto, Wallace exercised authority and supervision over Ramsey's compensation.

36.

At all times material hereto, Wallace has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

37.

Wallace is subject to the personal jurisdiction of this Court.

38.

At all times relevant to this suit and while an employee of Defendant Wallace Electric, Ramsey was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

39.

At all times relevant to this suit and while an employee of Defendant Wallace Electric, Ramsey  was not employed in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

40.

At all times relevant to this suit and while an employee of Defendant Wallace Electric, Ramsey was not employed in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of  29 USC § 213 (a).

41.

At all times relevant to this suit and while an employee of Defendant Wallace Electric, Ramsey was not employed in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

42.

At times relevant to this suit, Ramsey performed payroll functions, as well as data input and data processing roles as an employee of Wallace Electric.

43.

At all times relevant to this suit, Ramsey was closely supervised and had no discretion in the performance of her duties.

44.

At all times relevant to this suit, Ramsey was not responsible for significant decisions regarding the management of Wallace Electric.

45.

At all times relevant to this suit and while an employee of Defendant Wallace Electric, Ramsey was not employed in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

46.

At all times relevant to this suit, Ramsey was misclassified as an exempt employee.

47.

At all times relevant to this suit, Wallace Electric required Ramsey to work a minimum of forty-five hours each workweek.

48.

Ramsey often worked through lunch.

49.

Ramsey often worked beyond forty-five hours in given workweek on the premises of Wallace Electric without any additional pay.

50.

Plaintiff Ramsey worked off the clock answering phone calls and performing other duties outside the worksite for which she was not paid.

51.

Wallace Electric was aware of and accepted this "off the clock" work by Ramsey.

52.

All of this "off the clock" work was performed in workweeks in which Ramsey has worked at least forty hours.

**COUNT I — FAILURE TO PAY OVERTIME AS TO ALL DEFENDANTS**

53.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

54.

At all times material hereto, Ramsey has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

55.

During her employment with Defendants, Ramsey regularly worked in excess of forty (40) hours each week.

56.

Defendants failed to pay Ramsey at one and one half times her regular rate for work in excess of forty (40) hours in any week from November 18, 2010 through the present date.

57.

Defendants willfully failed to pay Ramsey at one and one half times her regular rate for work in excess of forty (40) hours in any week from November 18, 2010 through the present date.

58.

Ramsey is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

59.

As a result of the underpayment of overtime compensation as alleged above, Ramsey is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

60.

As a result of the underpayment of overtime compensation as alleged above, Ramsey is entitled to her litigation costs, including her reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff's claims be tried before a jury;

2. That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

3. That Plaintiff be awarded costs of litigation, including her reasonable attorneys' fees from Defendants; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELONG CALDWELL BRIDGERS
& FITZPATRICK, LLC

/S/CHARLES R. BRIDGERS

3100 CENTENNIAL TOWER                 CHARLES R. BRIDGERS
101 MARIETTA STREET                   GA. BAR NO. 080791
ATLANTA, GEORGIA 30303
(404) 979-3171                        /S/ KEVIN D. FITZPATRICK, JR.
(404) 979-3170 (f)                    KEVIN D. FITZPATRICK, JR.
kevin.fitzpatrick@dcbflegal.com       GA. BAR NO. 262375
charlesbridgers@dcbflegal.com

COUNSEL FOR PLAINTIFF