## RELEASE AND SETTLEMENT AGREEMENT

THIS RELEASE AND SETTLEMENT AGREEMENT (hereinafter referred to as the "Settlement Agreement") is made and entered into as of the _31st_ day of October, 2016, by and between REBECCA RAMSEY, an individual (hereinafter referred to as the "Plaintiff") and WALLACE ELECTRIC COMPANY, INC., a Georgia, for profit corporation, (hereinafter referred to as "WEC") and PHILLIP WALLACE, SR. (hereinafter referred to as "Wallace") (WEC and Wallace sometimes being referred to together as the "Defendants"). The foregoing, all together, will sometimes be referred to herein as the "Parties."

### W I T N E S S E T H :

WHEREAS, on or about November 18, 2013, the Plaintiff filed that certain lawsuit in the United States District Court for the Northern District of Georgia, which bears the caption REBECCA RAMSEY v. WALLACE ELECTRIC COMPANY, INC. and PHILLIP WALLACE, SR., Civil Action File No. 1:13-cv-03808-WSD (hereinafter the "Lawsuit"); and

WHEREAS, the Defendants filed an Answer to the Lawsuit wherein they denied liability to the Plaintiff; and

WHEREAS, after conducting discovery and preparing for trial, the parties to this Settlement Agreement desire to and have settled their claims against one another on the terms and conditions set out herein.

NOW THEREFORE, for and in consideration of those payments, acts and covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto do agree as follows:

1.

{Doc: 01696554.DOC}

Each and every recital set forth above is incorporated herein by this reference.

2.

Within ten (10) days of Court approval of this Settlement Agreement, Defendants shall pay Plaintiff and her counsel at 3100 Centennial Tower, 101 Marietta Street, NW, Atlanta, GA 30303, at total sum of Seventy Five Thousand Dollars ($75,000) as follows;

a. One check payable to "Rebecca Ramsey" in the amount of Four Thousand Dollars ($4,000.00) in W2 wages as backpay, less applicable deductions for state and federal taxes;.

b. One check payable to "Rebecca Ramsey" in the amount of Four Thousand Dollars ($4,000.00) without deductions as liquidated damages for which WEC will issue Plaintiff an IRS Form 1099 designating this amount under box 3 as non-wage earnings; and

c. One check made payable to "Kevin D. Fitzpatrick, Jr. Attorney IOLTA Account" in the amount of Sixty Seven Thousand Dollars ($67,000.00) as attorney's fees and expenses of litigation for which WEC will issue Plaintiff an IRS Form 1099 designating this amount under box 3 as non-wage earnings

3.

The performance of the obligations under this Settlement Agreement are

conditioned upon prior judicial approval of this Agreement.   Upon execution of this Agreement, the Parties will promptly and jointly submit a motion in the Lawsuit seeking such approval.   Upon such approval and payment of all sums due hereunder, Plaintiff's counsel shall prepare and file a Stipulation of Dismissal with Prejudice in the Lawsuit.

4.

In consideration of the foregoing, the Plaintiff, for herself, her heirs, legal representatives, agents, successors and assigns, release and forever discharge the Defendants and each of their legal representatives, shareholders, directors, agents, heirs, employees, successors and assigns, of and from any and all claims, causes of action, obligations, duties, liabilities or demands whatsoever, whether in law or in equity, whether sounding in contract, tort, fraud, statutory or regulatory violations or otherwise, whether accrued or which may hereafter accrue, and whether now known or hereafter discovered, arising from or related to the Plaintiff's employment with WEC, including any and all acts, representations, occurrences and/or omissions from the beginning of time through the date of the Plaintiff's signature to this Release and Settlement Agreement.  Likewise, the Defendants release any and all existing claims they presently may have against the Plaintiff. Notwithstanding the foregoing, release of the Defendants and each of their legal

representatives, heirs, shareholders, directors, agents, employees, successors and assigns is and shall be contingent upon payment of the amount which is required by this Settlement Agreement.

5.

In consideration for the Settlement Payment described in Paragraph 2, and the other considerations described herein, the receipt and sufficiency of which are acknowledged, Plaintiff does hereby acknowledge full accord, satisfaction, and settlement of any and all claims, demands, rights, actions, and causes of actions of any kind or nature whatsoever, including causes of action in tort, contract, pursuant to statute, or on any other basis, arising out of or in any way relating to the Lawsuit, and/or her employment with WEC, for all losses, damages, injuries, expenses, costs, charges, payments, attorneys' fees, and all other liabilities and damages whatsoever resulting from or otherwise relating to her employment with WEC and/or the Lawsuit. The Plaintiff and the Defendants acknowledge that they may hereafter discover facts in addition to, or different from, those which they now know or believe to be true with respect to the Plaintiff's claims, the Plaintiff's employment with WEC, and/or the Lawsuit, but it is their intention to fully and finally and forever settle and release any and all matters, disputes and differences, known or unknown, suspected or unsuspected, which do now exist, may exist or

heretofore have existed between them with respect to any acts or failure to act on

the part of the Defendants (or any other party released herein) with respect to such

matters.  In furtherance of this intention, the release by Plaintiff herein shall be,

and will remain, in effect as a full and complete general release notwithstanding

the discovery or existence of any such additional or different facts.

6.

The parties agree that this Agreement is the result of a compromise of a

dispute resulting from arms-length negotiations conducted by counsel for the

parties with the parties' full approval and consent and is entered into for the

purpose of avoiding the expense and/or burden of further litigation. The payments

and other considerations described in this Agreement are not to be construed as an

admission of liability on the part of any party, and the Defendants expressly deny

any such admission of liability.  Neither this Agreement nor its terms shall

constitute an admission, concession or acknowledgment of liability, wrongdoing,

fault or responsibility, or lack thereof, by the parties, for any purpose whatsoever.

No party to this Agreement shall, for any purpose whatsoever, rely on, refer to, or

offer as evidence this Agreement, or any of its terms or provisions, or any of the

negotiations or proceedings giving rise to this Agreement, in any judicial, non-

judicial, arbitration or other proceeding, except in an action or proceeding to enforce or effectuate the terms of the Agreement.

7.

The Plaintiff represents that, other than the Lawsuit, she has not filed any complaints, actions, charges, lawsuits or claims of any nature against the Defendants, including any action with any state or federal agency or with any court or tribunal, and Plaintiff further agrees and stipulates that she will not take any further action at any time hereafter for any event which occurred on or before the date of this Agreement.

8.

Plaintiff hereby covenants and agrees that she will never in the future institute, prosecute, pursue, or in any way aid the institution, prosecution, or pursuit of any claim, complaint, lawsuit, action, or other proceeding in law or in equity, against the Defendants for or on account of any liability, damage, loss, injury, cost, or expense whether known or unknown in the past, present, or future, for injury or damages arising from or in any way relating to the Lawsuit or her employment with WEC for which Plaintiff has received the settlement payments and other considerations as described herein.

9.

Plaintiff represents and warrants that she has not sold, transferred, conveyed, assigned, or otherwise disposed of any right, title, or interest in any of the matters described herein to any person or entity, and that she is not aware of any other person or entity who may have or who has asserted or can assert a right, title, or interest in any of the matters covered by this Agreement.  The Parties expressly represent and warrant that they have not assigned or transferred to any person, firm, corporation, partnership, association, or other entity whatsoever any or all of the rights, duties, or obligations embodied or released in this Agreement.

10.

The Parties each agree to cooperate fully and to execute any and all supplementary documents and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement, it being the intention of each party to end and resolve all issues regarding any and all potential liability of any claims which have been brought or could have been brought against the Defendants as it relates to the Lawsuit and/or Plaintiff's employment with WEC.

11.

If any term, provision, covenant, or condition of this Agreement is determined by a court, arbitrator, or government agency of competent jurisdiction to be invalid, void, or unenforceable, in whole or in part, such determination will not affect any other provision of this Agreement or the remaining portion of a partially invalid provision, which shall remain in full force and effect and shall be in no way affected, impaired, or invalidated, and the provision in question shall be modified, as appropriate, by a court, arbitrator, or government agency of competent jurisdiction so as to be rendered enforceable.

12.

This Agreement constitutes the entire understanding and agreement between the Parties pertaining to the settlement of all matters related to or arising out of the Lawsuit and/or Plaintiff's Employment with WEC, and the terms of the Agreement are contractual and not merely recitals. There is no other agreement, written or oral, expressed or implied between the Parties with respect to the subject matter of this Agreement and the Parties declare and represent that no promise, inducement, or other agreement not expressly contained in this Agreement has been made conferring any benefit upon them or upon which they have relied in any way. The terms and conditions of this Agreement may not be contradicted by evidence of

any prior or contemporaneous agreement, and no extrinsic evidence may be introduced in any judicial proceeding to interpret this Agreement.

13.

No modification or amendment of this Agreement shall be binding unless made in writing and duly executed by all Parties to be bound thereby.

14.

Plaintiff represents and warrants to the best of her knowledge that there are no outstanding liens or claims incurred relating to the Lawsuit or Plaintiff's Employment with WEC. Plaintiff further agrees to protect, indemnify, and hold harmless the Defendants and their shareholders, directors, employees, agents, representatives, counsel, heirs, successors and assigns against any claim, action, suit, or demand by any entity which claims a lien against WEC, Wallace, any released party, or the consideration paid to Plaintiff including, without limitation, tax liens and/or claims by any entity or individual who has made other payments to Plaintiff because of the subject incident(s); any health care provider, accident or health insurance company, and any other subrogated carrier. This Agreement includes and is not limited to any claim, action, suit or demand by any entity which has, may have been or may hereafter be brought or instituted by any persons or entities arising out of the Lawsuit or relating to the Plaintiff's Employment with

WEC, including but not limited to any action or claim for damages, attorneys' fees, court costs, punitive damages, or subrogation by any collateral source payor.

15.

Plaintiff acknowledges and agrees that (i) the Defendants may report any payments/compensation made pursuant to this Agreement to the Internal Revenue Service and/or state and/or local tax authorities or agencies; (ii) with the exception of the employer's payroll tax liability accruing through the payment of W2 wages under this Settlement Agreement, Plaintiff is solely responsible for determining and satisfying any tax liability resulting from any payments made pursuant to this Agreement; and (iii) the Defendants and their shareholders, directors, agents, representatives, counsel, and/or employees have made no representations, nor offered any advice or opinion, concerning the tax consequences of the Parties' settlement or payments made under this Agreement.

16.

The Parties and their counsel shall be deemed to have cooperated in the drafting and preparation of this Agreement.  Hence, any construction to be made of this Agreement shall not be construed against any party, but shall be construed as if all Parties jointly prepared this Agreement, and any uncertainty and ambiguity shall not be interpreted against any one party.

17.

Each person or entity signing this Agreement has consulted with legal counsel or has had the opportunity to consult with legal counsel concerning the execution of this Agreement and has executed it individually or through an authorized representative as a voluntary act intending to be bound thereby.

18.

The undersigned individuals signing this Agreement warrant and represent that they have full authority to execute this Agreement on behalf of the party or parties for whom they have signed. The undersigned Parties further represent, covenant, and warrant that the signatures appearing are authorized and genuine, and are freely, knowingly, and willingly affixed hereon only after the consequences of the terms of this Agreement have been understood by the Parties and explained by their respective counsel, and that the signatures are not given under duress.

19.

This Agreement shall apply to, and be binding upon or inure to the administrators, executors, legal representatives, heirs, assignees, successors, and assigns of, the Parties hereto.

20.

The terms and conditions of this Agreement shall be enforceable by the Parties and their respective heirs, successors, representatives, and assigns. This Agreement is, and may be pleaded as, a full and complete defense to, and it is and may be used as the basis for an injunction against, the prosecution of any claim or action that seeks recovery or relief contrary to the terms of this Agreement. Any party seeking to enforce this Agreement may do so only by bringing an action in the Georgia Courts. The prevailing party or parties to any such litigation shall recover, from the non-prevailing party or parties, the prevailing party's or parties' reasonable attorney's fees, court costs and other expenses (including any expert witness fees), incurred in the litigation and in all appeals.

21.

This Settlement Agreement was negotiated, executed, entered into and delivered in the State of Georgia and shall be construed and enforced in all respects in accordance with the provisions of the laws of that State.

22.

Except as otherwise expressly set forth herein, each party shall pay its own costs and attorneys' fees with respect to the Litigation. The prevailing party in any action to enforce this Settlement Agreement, however, as set forth above, shall be

entitled to be reimbursed its attorneys' fees and costs of litigation from the party(ies) against whom this Settlement Agreement was enforced.

23.

Except as otherwise expressly set forth herein, the Settlement Agreement shall be effective immediately upon the signature of all parties.

24.

This Settlement Agreement may be executed in several counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same agreement.

25.

All Parties agree to maintain total confidentiality concerning this Agreement, the terms hereof, and the negotiations between the Parties leading up to this Agreement. If asked, the Parties shall state that this matter "has been resolved." No party hereto shall voluntarily disclose any such information to any person or entity not a party to this Agreement. However, the foregoing shall not prohibit a party from disclosing such information pursuant to compulsory process or if otherwise required by law to do so, or if disclosure is necessary to respond to inquiries from federal or state tax authorities or to accountants, attorneys or to their spouses.

26.

If a job reference is requested of WEC for the Plaintiff, WEC will confirm each job title and dates of employment only. It will make no mention of the fact of the Lawsuit or this Settlement Agreement. For her part, the Plaintiff shall not to re-apply for any employment, whatsoever, with WEC at any time.

27.

The Parties shall request that the District Court retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing, and enforcing the settlement embodied in this Agreement and all orders and judgements entered in connection therewith.

Signed under seal on the day first set forth above.

Rebecca Ramsey

Date: 10/31/2016

Witness

[Signatures Continued on the Next Page]

WALLACE ELECTRIC COMPANY, INC.

By:  Phillip Wallace, Sr.
For the Company

Date: 10-24-16 _____

Witness

Phillip Wallace, Sr.
Individually

Date: 10-24-16 _____